UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN LLOYD (#127565)
  a/k/a ANDRE LLOYD

VERSUS                                                CIVIL ACTION

STATE OF LOUISIANA, ET AL                             NUMBER 08-704-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 15, 2009.

                                     STEPHEN C. RIEDLINGER
                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WARREN LLOYD (#127565)
  a/k/a ANDRE LLOYD

VERSUS                                                CIVIL ACTION

STATE OF LOUISIANA, ET AL                             NUMBER 08-704-JJB-SCR

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

    On December 2, 2008, a magistrate judge's report was submitted to the district judge recommending that the plaintiff's complaint be dismissed as frivolous.[1] Following the issuance of the magistrate judge's report, the plaintiff amended the complaint to add as defendants St. Tammany Parish employee S. Weary, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Department of Corrections employee Jewel Carter.[2] None of these defendants are mentioned in the plaintiff's original complaint, either by name or by official title. Plaintiff failed to allege any facts against these defendants in his amended complaint; he merely named them as defendants.

    Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any

---

[1] Record document number 6.

[2] Record document number 7.

>    action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

For the reasons set forth in the December 2, 2008 magistrate

2

judge's report, as supplemented herein, the plaintiff's complaint should be dismissed as frivolous.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, January 15, 2009.

*(signature)*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE